IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV308-03-MU

| | |
|---|---|
| WILLIE REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Alcohol, Tobacco, Firearms & Explosives ) | |
| (ATF&E); Charlotte Mecklenburg Police ) | |
| Department ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983; <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1981); and 28 U.S.C. §1331, filed August 2, 2007. (Document No. 1. )

The crux of Plaintiff's Complaint is that he alleges he is being falsely imprisoned for a case that was fabricated by the Alcohol, Tobacco, Firearms and Explosives Unit and the Charlotte Mecklenburg Police Department. Plaintiff also alleges that he was arrested but never shown a warrant for his arrest. Instead, he was only shown a warrant to search his father's property. By way of relief, Plaintiff asks for monetary damages and to be released from confinement.

A review of Plaintiff's criminal case record reveals that Plaintiff was indicted on May 25, 2005 and charged in a two-count indictment with possession of a firearm by a felon and possession of ammunition by a felon in violation of 18 U.S.C. § 922(g). (Document No. 1, 3:05CR241). On the same day that the grand jury indicted Plaintiff, a warrant was issued for his arrest. (Document No. 2, 3:05cr241). Plaintiff plead guilty to possession of a firearm on February 21, 2006 and was

1

sentenced on August 31, 2006 to 180 months imprisonment to be followed by a term of 3 years of supervised release.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. However, neither a 1983 action nor a Bivens action is the appropriate vehicle to address Plaintiff's claim. Claims affecting the fact or duration of confinement generally may not be litigated through a §1983 or Bivens action, unless the conviction or sentence has previously been invalidated. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). Furthermore, "in order to recover damages[1] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 or Bivens plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff has not demonstrated that his conviction has been invalidated. Since his claim would necessarily imply the invalidity of his conviction or sentence, this Court must dismiss this action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

---

[1] Plaintiff is seeking damages and requesting that he be released from custody.

**SO ORDERED**.

Signed: August 7, 2007

Graham C. Mullen
United States District Judge